**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X    97 CV 2982 (NG) (CLP)
**SARAH HUSAIN, DEVON BLINTH, COLLEEN**
**McGRAHAM, JEFF McGRAHAM, KATHLEEN**
**McHUGH, MARC J. PESEAU, KASADORE**
**RAMKISSON, NEIL SCHULDINER, WILLIAM**
**WHARTON, and MANJULA WIJERAMA,**

                       **Plaintiffs,**

      **- against -**                                          **OPINION AND ORDER**

**MARLENE SPRINGER, CAROL JACKSON,**
**KATHLEEN GALVEZ, MARLA BRINSON,**
**MICHAEL SILVA, WINSOME ALSTON, SIBI**
**GEEVARGHESE, JOSEPH CANALE, JUERGEN**
**SCHNETZER, ANDRE WOODS, CHARLO**
**ALMEDA, CHRISTOPHER ALVAREZ, KELLY**
**ANNE BIESTY, MARY ANNE CHRISTENSEN,**
**LUIS CRUZATTE, W. ANN REYNOLDS, ROBERT**
**E. DIAZ, ROY MOSKOWITZ, MICHAEL**
**SOLOMON, THE CITY UNIVERSITY OF NEW**
**YORK, THE COLLEGE OF STATEN ISLAND,**
**THE STUDENT ELECTION REVIEW**
**COMMITTEE OF THE COLLEGE OF STATEN**
**ISLAND, THE BOARD OF TRUSTEES OF THE**
**CITY UNIVERSITY OF NEW YORK, and**
**MATTHEW GOLDSTEIN,**

                       **Defendants.**
------------------------------------------------------------------------X

**GERSHON, United States District Judge:**

      Plaintiffs, who, at the commencement of this litigation, were students at the College of Staten Island ("CSI") of the City University of New York ("CUNY"), brought this action for declaratory judgment and damages pursuant to 42 U.S.C. § 1983 and the New York State Open Meeting Law, N.Y. Pub. Officers Law §§ 100-11, asserting that their rights were violated when the results of a student election were canceled. In the course of the proceedings, a dispute arose concerning the

1

representation of two defendants, Winsome Alston and Sibi Geevarghese, both of whom were members of a student election review committee. In a report and recommendation dated March 18, 1999 (the "R&R"), as modified by a supplemental report and recommendation dated April 23, 1999 (the "Supplemental R&R"), Magistrate Judge Cheryl L. Pollak recommended that sanctions be imposed on the Office of the New York State Attorney General (the "Attorney General's Office") pursuant to 18 U.S.C. § 1927 for delays in the litigation caused by its equivocation on the question of whether it would serve as counsel for Alston and Geevarghese. I reserved decision on the recommendation that sanctions be imposed until the conclusion of the case. By order dated March 28, 2002, I dismissed certain claims, and by order dated August 30, 2004, I granted summary judgment in favor of defendants on the remaining claims. The parties have now filed additional briefing on the only remaining issue in the case, namely, Judge Pollak's recommendation for sanctions.

## BACKGROUND

With respect to the sanctions issue, the historical facts set forth in the R&R and Supplemental R&R, which are not disputed, are adopted by this court and incorporated herein by reference. Briefly, by letter dated August 12, 1998 to Judge Pollak, to whom the dispute concerning the representation of Alston and Geevarghese had been referred, plaintiffs made an application for the imposition of sanctions, pursuant to Federal Rule of Civil Procedure 11, against the Attorney General's Office and Assistant Attorney General Gary Weinstein based on Mr. Weinstein's equivocations concerning the representation of Alston and Geevarghese. Mr. Weinstein submitted a declaration in opposition to plaintiff's application for sanctions on August 28, 1998, and plaintiffs

submitted a reply affirmation on September 15, 1998.

Judge Pollak declined to reach the issue of Rule 11 sanctions, finding that Section 1927 sanctions would be more appropriate under the circumstances presented by this case. After a thorough analysis of the relevant facts and legal principles, Judge Pollak made the following recommendation:

> Since the [Attorney General's] Office has failed to offer any plausible explanation for its refusal to clarify the question of representation for Alston and Geevarghese, particularly in the face of what it knew were multiple erroneous filings with this Court, and plaintiffs' counsel's numerous attempts to resolve this matter, this Court has no choice but to find the [Attorney General's] Office's behavior to be "so utterly without justification as to compel the conclusion that these actions were undertaken for an improper purpose." Accordingly, since I find that the [Attorney General's] Office "unreasonably and vexatiously" delayed this litigation, this Court respectfully recommends that sanctions be imposed upon the Office of the Attorney General pursuant to 18 U.S.C. § 1927.

R&R at 45 (citations omitted). The Attorney General's Office, appearing by Assistant Attorney General Steven L. Banks, filed objections to the R&R on April 14, 1999. Plaintiffs filed a response to the objections on June 14, 1999. At a conference held on February 10, 2002, the court, concerned that the Attorney General's Office had not had sufficient opportunity to address the issue of Section 1927 sanctions, since plaintiffs initially sought sanctions pursuant to Rule 11 only, reserved decision on the imposition of sanctions until the conclusion of the case. Transcript of Proceedings on Feb. 10, 2000 at 12-13; Order dated Feb. 28, 2000.

But for the sanctions issue, the case has now been concluded. At the court's direction, both the Attorney General's Office and the plaintiffs have submitted updated briefs and supporting papers. The court also afforded Mr. Weinstein, who is no longer employed by the Attorney General's Office, an opportunity to respond. Mr. Weinstein advised the parties and the court in writing that he would rely on his 1998 declaration.

In opposition to the recommendation for sanctions, the Attorney General's Office argues (1) that plaintiffs are not entitled to Rule 11 sanctions because they failed to comply with the procedural requirements of the rule, and (2) that an award of Section 1927 sanctions is not appropriate. Although the Attorney General's Office concedes that "the inconsistent statements made in 1997 and 1998 by the then assigned assistant attorney general about representation of Alston and Geevarghese" were "inappropriate and unprofessional," it asserts that the statements were not made in bad faith and did not multiply the proceedings in this action improperly. Defendants' Mem. at 2. The Attorney General's Office also asks the court to exercise its discretion to deny Section 1927 sanctions because, following issuance of the R&R, the Attorney General's Office took corrective action by assuming representation of Alston and Geevarghese and successfully obtaining dismissal of all claims against them.

In turn, plaintiffs request that the court modify the R&R and the Supplemental R&R by imposing sanctions pursuant to Section 1927, Rule 11, and the court's inherent power, and "by limiting any award to compensate Plaintiffs for attorney fees to a nominal award of one dollar ($1.00) each from Mr. Weinstein and the Attorney General for attorney fees plus one dollar ($1.00) each for punitive damages." Plaintiffs' Mem. at 2. Plaintiffs indicate that the primary relief they seek "is a public reprimand of Mr. Weinstein and the Attorney General's office to assure the Plaintiffs in this case and similarly situated plaintiffs in other cases that the federal courts will not permit government attorneys to abuse the trust and credibility attached to their offices by willfully subverting the fair adjudication of cases in these courts." *Id*.

4

**DISCUSSION**

As an initial matter, the court notes that this is not a disciplinary proceeding; rather, it is a proceeding to determine the propriety of an award of monetary sanctions. As set forth in the order of this court dated April 6, 2005, the court will consider imposing sanctions against the Attorney General's Office only, and not against Mr. Weinstein personally. Since plaintiffs failed to comply with the safe harbor provisions of Rule 11, they are not entitled to an award of sanctions pursuant to that rule. Moreover, the court declines to impose any additional sanctions, beyond those recommended by Judge Pollak, pursuant to its inherent power.

With respect to Section 1927 sanctions, the court adopts the recommendation of Judge Pollak. Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Sanctions may not be imposed pursuant to Section 1927 absent a showing of bad faith. *In re 60 East 80th Street Equities, Inc.*, 218 F.3d 109, 115 (2d Cir. 2000); *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986). The Attorney General's Office argues that Mr. Weinstein's conduct was careless and inadvertent, and did not rise to the level of bad faith. Judge Pollak made a specific finding, however, that this explanation of Mr. Weinstein's conduct is implausible, and this court agrees. Mr. Weinstein's repeated equivocations over a fifteen month period, embodied both in statements made to plaintiffs' counsel and documents filed with the court, in the face of efforts by plaintiffs' counsel and Judge Pollak to clarify the representation of Alston and Geevarghese, give rise to an inference of bad faith. Mr. Weinstein's refusal to clarify his inconsistent statements created the need for the parties and the court to engage in additional proceedings, as set forth in the

5

R&R, that would not have otherwise been necessary. The court acknowledges that, subsequent to the issuance of the R&R, the Attorney General's Office made swift and diligent efforts to remedy its prior conduct, and performed its duties in a competent and professional manner for the remainder of the litigation. Nevertheless, given the seriousness of the initial lapse in professional conduct and the inexcusable delay caused by it, the court finds that the imposition of sanctions pursuant to Section 1927 is appropriate in this case.

## CONCLUSION

Since plaintiffs now request only a nominal award, the Attorney's General's Office is ordered to pay plaintiffs the sum of one dollar in sanctions. The Clerk of Court is directed to close this case.

**SO ORDERED.**

/S/
**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
       June 24, 2005