UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SARAH HUSAIN, *et al.*,

                Plaintiffs,

    - against -

MARLENE SPRINGER, *et al.*,

                Defendants.
-----------------------------------------------------------x

OPINION AND ORDER

97 CV 2982 (NG) (CLP)

**GERSHON, United States District Judge:**

Plaintiffs have brought this action under 42 U.S.C. § 1983 against defendant Marlene Springer, alleging violations of their First Amendment rights. Upon remand from the Second Circuit, defendant moves pursuant to Fed. R. Civ. P. 55 and 58 for entry of judgment against herself awarding plaintiffs nominal damages.

After defendant, the president of the College of Staten Island ("CSI"), nullified and rescheduled a 1997 CSI student government election in reaction to a student newspaper's allegedly inappropriate endorsement of a slate of candidates, some members of the newspaper staff and other students brought this case against defendant and a number of other individuals associated with CSI.[1] Plaintiffs originally sought declaratory and injunctive relief as well as nominal, compensatory, and punitive damages and attorney's fees.

Earlier in this case's long history, I, among other things, dismissed plaintiffs' claims for injunctive and declaratory relief as moot, leaving only claims for nominal, compensatory, and punitive damages. *Husain v. Springer*, 193 F. Supp. 2d 664, 669 (E.D.N.Y. 2002). Later, I granted defendants' motion for summary judgment in its entirety. *Husain v. Springer*, 336 F.

---

[1] President Springer is the only defendant remaining in this case; all other defendants have been dismissed or have settled with plaintiffs.

1

Supp. 2d 207 (E.D.N.Y. 2004). With respect to defendant Springer in particular, I found that, although she had violated plaintiffs' First Amendment rights by cancelling the election, she was nonetheless entitled to qualified immunity because it was not apparent at the time that her action was unconstitutional. *Id.* at 216.

The Court of Appeals for the Second Circuit, while agreeing that her action had violated plaintiffs' First Amendment rights, vacated the judgment in defendant Springer's favor on the ground that material factual issues remained concerning her entitlement to qualified immunity. It thus vacated the grant of summary judgment to defendant Springer and remanded the case to this court for further proceedings. In its decision, the Court of Appeals held that appeal of the dismissal of plaintiffs' claims for injunctive and declaratory relief had been waived. *Husain v. Springer*, 494 F.3d 108, 121 n.10, 131 (2d Cir. 2007). The Court also noted that, in the course of oral argument before the Circuit, "counsel for plaintiffs conceded that the only relief sought…is nominal damages." *Id.* at 135 n.17.[2] Plaintiffs' petition for *certiorari* to the Supreme Court was denied. *Husain v. Springer*, -- U.S. ---, 128 S. Ct. 1658 (2008). After remand, defendant moved for entry of judgment against herself in the amount of nine dollars (*i.e.*, one dollar of nominal damages per remaining defendant) without a concession of liability on her part. In the following discussion, familiarity with the underlying facts of the case and the prior opinions of this court and the Second Circuit are assumed.

To begin with, defendant moves under Rules 55 and 58. Rule 55 is inapplicable as it deals with default judgments. Whether Rule 58, which deals generally with the form and entry of judgments, is applicable, is not entirely clear, but the issue is academic; when a defendant has

---

[2] Plaintiffs argue that they did not concede at oral argument before the Circuit that they now seek only nominal damages, but rather continue to seek compensatory and punitive damages. (They also mischaracterize nominal damages as "punitive.") The determination of the Circuit on this point is dispositive. Only nominal damages remain in issue.

2

clearly given formal consent to the entry of judgment against herself, the precise form of her request is "irrelevant." *ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*, 2005 WL 774281 at *2 n.1 (S.D.N.Y. Aug. 5, 2005). There is no dispute here that defendant consents to a court order awarding plaintiffs nominal damages.

Defendant argues that entry of judgment is appropriate, even without a concession of liability on her part, as her payment of nominal damages would satisfy in its entirety the single remaining claim of every plaintiff. I agree. "Where a defendant has consented to judgment for all the relief the plaintiff can win at trial (according to the trial court's determination), the defendant's refusal to admit fault does not justify a trial to settle questions which can have no effect on the judgment." *ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*, 485 F.3d 85, 93 (2d Cir. 2007), *cert. denied*, 128 S. Ct. 1739 (2008). In *ABN Amro*, a contract dispute, once the district court had determined that a liquidated-damages clause limited the defendants' liability to $50—a fraction of the sum the plaintiff had originally sought—the defendants offered to consent to judgment against themselves for that amount, without conceding liability. The district court granted judgment over the objections of the plaintiff. The Second Circuit affirmed the grant of judgment, noting that "it would make no sense" to require that a district court "refrain from entering judgment although all the issues upon which that judgment depends were settled." *Id.* "There is no justification for taking the time of the court and the defendant in the pursuit of minuscule individual claims which defendant has more than satisfied." *Abrams v. Interco Inc.*, 719 F.2d 23, 32 (2d Cir. 1983). This case is governed by the same logic.

Plaintiffs here object to the entry of judgment on a variety of grounds. Most significant is their argument that plaintiffs seeking to vindicate important public interests through civil rights lawsuits may be thwarted if defendants may end such suits through the payment of nominal

3

damages only. However, plaintiffs cite no authority holding that a defendant may not dispose of a case by agreeing to entry of judgment against herself for the nominal damages which are the sole relief sought by a plaintiff, simply because the lawsuit concerns constitutional rights. In fact, the Second Circuit has made it clear that, even in actions under 42 U.S.C. § 1983, a defendant "should be afforded the choice to consent to judgment and payment of nominal damages." *Amato v. City of Saratoga Springs*, 170 F.3d 311, 321 (2d Cir. 1999).

Further, the specter that plaintiffs conjure is imaginary, both as to the facts in this case and as a general matter. That the present plaintiffs are left with only claims for nominal damages is a result of their own waivers and concessions concerning the several other forms of relief which they initially sought. And plaintiffs here did obtain a favorable ruling on their constitutional claim—not only by this court, but also by the Second Circuit. As a general matter, if civil rights plaintiffs pursue, and are entitled to, declaratory or injunctive relief, payment of nominal damages will not be a sufficient basis for ending their suit and entry of judgment.

Plaintiffs spend considerable space defending the position that a claim for nominal damages, where available, is ordinarily sufficient to support standing in federal court. This argument is correct. "Precisely because nominal damages afford a litigant vindication of the deprivation of his constitutional rights, the decision to dismiss a plaintiff's claim...because only nominal damages are at stake is error." *Amato*, 170 F.3d at 320; *but see Morrison v. Bd. of Educ.*, 521 F.3d 602, 611 (6th Cir. 2008). But defendant does not argue that plaintiffs lacked standing to pursue their suit once the Second Circuit had determined that only their claim for nominal damages remained, only that it would be inappropriate to permit them to do so after she has offered to pay the full amount demanded under that claim. "We have no doubt that a court would be justified in directing the entry, with the defendant's consent, of a judgment which gave

a plaintiff all the relief he had requested." *Kline v. Wolf*, 702 F.2d 400, 405 (2d Cir. 1983). Plaintiffs point out, correctly, that in *ABN Amro* the plaintiffs were not seeking nominal damages; however, there is nothing in that case which suggests that its logic would not apply to nominal damages, so long as those damages were the only form of relief still being sought by the plaintiff, and the defendant agreed to pay them in full.

Although plaintiffs argue that their claim for nominal damages is akin to a claim for a declaratory judgment and thus a judgment awarding them nominal damages would not be a grant of all the relief they still seek, plaintiffs have, in fact, *already* sought declaratory judgment in this case, and that particular claim for relief has been dismissed. Perhaps regretting their concession concerning compensatory and punitive damages before the Circuit and their waiver on appeal of their claims for injunctive and declaratory relief, plaintiffs are, in essence, attempting to revive their claim for a declaratory judgment through their claim for nominal damages. But plaintiffs are entitled only to the relief that they are still formally requesting—nominal damages—and not an accompanying opinion setting forth the holdings they desire, as well. As the Fifth Circuit observed in upholding the entry of judgment for nominal damages against a defendant in a First Amendment case, "A winning party cannot appeal merely because the court that gave him his victory did not say things that he would have liked to hear, such as that his opponent is a lawbreaker." *Ward v. Sante Fe Independent School Dist.*, 393 F.3d 599, 604 (5th Cir. 2004), *quoting Chathas v. Local 134 IBEW*, 233 F.3d 508, 512 (7th Cir. 2000). Further, *ABN Amro* established that a plaintiff is not entitled to a defendant's concession of fault before entry of judgment at the defendant's request. *ABN Amro*, 485 F.3d at 93.

Plaintiffs also argue that entering judgment against defendant would effectively undo the First Amendment ruling adverse to defendant in the Circuit. This is not the case. The Circuit's

ruling will remain the law of this circuit after the grant of this motion. Although defendant's proposed judgment states that defendant "retains and preserves any and all rights to contest liability and damages" if an issue in this case ultimately goes to trial, defendant obviously cannot retain rights she does not have at the time of the entry of judgment. Put another way, the award of nominal damages to plaintiffs cannot alter whatever precedential effects the Circuit's decision may have.

Defendant's motion for entry of judgment against herself is thus granted.

## CONCLUSION

For the reasons given above, I direct the entry of judgment for plaintiffs in the amount of nine ($9.00) dollars (one dollar [$1.00] per plaintiff) in nominal damages. Judgment shall be entered in the form attached. If plaintiffs wish to seek attorney's fees, they are directed to do so within thirty days after entry of judgment. Defendant may oppose any motion for attorney's fees within thirty days after plaintiff's application; plaintiffs may reply within two weeks after defendant's opposition. In filing the application, the parties shall comply with this court's directions regarding the filing of motions.

**SO ORDERED.**

s/Nina Gershon
_____
**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
Oct. 26, 2009